UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DAMONI HALL,

                       Petitioner,

    -v-

J. NOETH,
Superintendent,

                       Respondent.

_____

19-CV-00531-JLS-MJR
REPORT, RECOMMENDATION,
AND ORDER

This matter has been referred to the undersigned by Hon. John L. Sinatra, Jr., pursuant to 28 U.S.C. § 636(b)(1). (Dkt. No. 14).

Before the Court is *pro se* Petitioner Damoni Hall's Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. §2254. (Dkt. No. 1). Respondent J. Noeth contends that the case lacks any merit and must be dismissed. The Court recommends that the petition be dismissed, with prejudice, and that no certificate of appealability issue.

## BACKGROUND

Petitioner was charged in New York state court with murder in the second degree (Penal Law § 125.25[1]). He pleaded guilty as charged and was sentenced to twenty years to life in prison.

*Direct Appeal*

A timely notice of appeal was filed on petitioner's behalf. By an order dated June 11, 2015, the Appellate Division, Fourth Department, allowed petitioner to conduct his

appeal as a poor person. Timothy P. Murphy, Esq. of the Legal Aid Bureau of Buffalo, Inc. was assigned as appellate counsel.

On direct appeal, petitioner claimed that the appeal waiver was inadequate to preclude a challenge of the sentence, and that the sentence was excessive.

By an order dated February 3, 2017, the Appellate Division unanimously affirmed petitioner's conviction. *People v. Hall,* 147 A.D.3d 1358 (4th Dept. 2017). The New York State Court of Appeals denied leave to appeal. 29 N.Y.3d 997 (2017).

*Collateral Attack*

Petitioner moved to vacate the state court judgment under N.Y.C.P.L. 440.10 on May 10, 2018. He claimed that his attorney was ineffective due to a conflict of interest -- he was serving as a prosecutor for the Town of Hamburg while representing him. He contended that such position essentially made his attorney an employee of the Erie County District Attorney's Office. His attorney was, according to him, malfeasant in failing to disclose this alleged conflict to the state court.

The state court denied petitioner's motion because that attorney's employment as a town prosecutor had no connection to the district attorney's office that prosecuted petitioner. The attorney's role as town prosecutor did not provide him access to the district attorney's files or investigative resources. Petitioner asserted that a conflict of interest existed but put forth no facts to establish this other than his attorney's position as a town prosecutor.

## **DISCUSSION**

In the lone ground of his petition, petitioner contends that his attorney was ineffective due to an alleged conflict of interest: While representing him, his attorney was also employed as a prosecutor for the Town of Hamburg. This contention lacks merit.

Petitioner has failed to marshal any facts -- beyond the mere fact of his attorney's dual employment -- to support his claim of a conflict of interest. That is, no actual conflict has been demonstrated. As the Erie County Supreme Court (Boller, J.) observed, defense counsel's "employment as a prosecutor had no connection to the office of District Attorney charged with the prosecution of defendant except for the pro forma designation required by law." Dkt. No. 1, Ex. A (*citing People v. Herr,* 86 N.Y.2d 638, 641 (1995)); *see also Mitchell v. Maggio*, 679 F.2d 77 (5th Cir. 1982) (where a defense attorney on a rape case also serves part-time as an assistant city attorney assigned to traffic court as a prosecutor, there is no actual conflict of interest requiring reversal of conviction); *Smith v. Berbary*, 05-CV-0069, 2009 U.S. Dist. LEXIS 88680 (W.D.N.Y. Sept. 25, 2009) (no basis for an ineffective assistance of trial counsel claim based on conflict of interest where defense counsel had accepted employment at the Steuben County District Attorney's Office, to begin following petitioner's trial in Yates County, where the new employment was in another county and representation of petitioner was complete prior to working for district attorney).

Even if there was a conflict of interest, which there was not, petitioner has offered no facts at all showing that a "lapse of representation" resulted from it. *See United States v Armienti,* 313 F.3d 807, 811 (2d Cir. 2002) (*quoting United States v*

*Malpiedi,* 62 F.3d 465, 469 (2d Cir. 1995)); *see also United States v. Franklin*, 213 F. Supp. 2d 478 (E.D. Pa. 2002) (trial counsel's candidacy for position of District Attorney created, at most, a potential conflict of interest and because the record was totally devoid of any indication that counsel's performance was influenced by his candidacy and defendant submitted nothing but unsupported assertions to the contrary, the claim must be denied without a hearing).

## CONCLUSION

For the foregoing reasons, it is recommended that the Petition (Dkt. No. 1) be dismissed in its entirety, with prejudice. It is also recommended that no certificate of appealability issue.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby ORDERED that this Report, Recommendation, and Order be filed with the Clerk of Court.

Unless otherwise ordered by Judge Sinatra, any objections to this Report, Recommendation, and Order must be filed with the Clerk of Court within fourteen days of service of this Report, Recommendation, and Order in accordance with the above statute, Rules 72(b), 6(a), and 6(d) of the Federal Rules of Civil Procedure, and Local Rule of Civil Procedure 72. Any requests for an extension of this deadline must be made to Judge Sinatra.

***Failure to file objections, or to request an extension of time to file objections, within fourteen days of service of this Report, Recommendation, and Order WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.*** See *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989).

The District Court will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the Magistrate Judge in the first instance. *See Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.,* 840 F.2d 985, 990-91 (1st Cir. 1988).

Pursuant to Local Rule of Civil Procedure 72(b), written objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." ***Failure to comply with these provisions may result in the District Court's refusal to consider the objection.***

**SO ORDERED.**

Dated:    March 22, 2022
          Buffalo, New York

                                                              _____
                                                              MICHAEL J. ROEMER
                                                              United States Magistrate Judge