Case 1:19-cv-00531-JLS-MJR   Document 21   Filed 07/06/22   Page 1 of 4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAMONI HALL,

    Plaintiff,

v.                                19-CV-531 (JLS) (MJR)

J. NOETH, Superintendent,

    Respondent.
_____

## DECISION AND ORDER

Before the Court is *pro se* Petitioner Damoni Hall's Petition for a Writ of Habeas Corpus. Dkt. 1. Hall pled guilty to murder in the second degree in New York State Supreme Court, Erie County, and is now serving a sentence of 20 years to life. He now challenges his conviction, arguing that his trial attorney was also the prosecutor for the Town of Hamburg, which, according to Hall, created a conflict because his case was being prosecuted by the Erie County District Attorney's Office. In response, Respondent J. Noeth contends that no actual conflict has been demonstrated because Hall's attorney was not an employee of the Erie County District Attorney's Office. Dkt. 13. Noeth further argues that even if there was a conflict, Hall "offered no facts at all showing that a 'lapse of representation' resulted from it." *Id.* at 5-6 (quoting *United States v. Armienti*, 313 F.3d 807, 811 (2d Cir. 2002)).

On January 22, 2020, the Court referred this case to United States Magistrate Judge Michael J. Roemer to, among other things, hear and report upon dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Dkt. 14. Judge Roemer issued a Report and Recommendation ("R&R") that recommends dismissing the Petition, with prejudice. Dkt. 20. The R&R determined, like Noeth argued, that no conflict had been established, and that Hall otherwise failed to establish a lapse in representation because of the alleged conflict. Neither party filed objections.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which an objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Otherwise, a district court must "modify or set aside any part of [a magistrate judge's] order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). An order "is clearly erroneous or contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Tracy v. NVR, Inc.*, 791 F. Supp. 2d 340, 342 (W.D.N.Y. 2011) (internal quotations and citation omitted).

Based on the Court's review and the absence of any objections, the Court accepts and adopts the R&R. In doing so, the Court notes that establishing an ineffective-assistance-of-counsel claim requires proving that "deficiencies in counsel's performance [were] prejudicial to the defense." *Strickland v. Washington*,

466 U.S. 668, 692 (1984). When such claim is based on a conflict of interest, prejudice is presumed, and reversal is warranted upon a showing that counsel "'actively represented conflicting interests' and that 'an actual conflict of interest adversely affected [counsel]'s performance.'" *Id.* (quoting *Cuyler v. Sullivan*, 446 U.S. 335, 350 (1980)). When the presumption does not apply and, as here, the petitioner is challenging his guilty plea, he must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

The R&R's finding that a conflict did not exist is not clearly erroneous or contrary to law. The presumption of prejudice, therefore, does not apply. Hall has also failed to establish that he would have insisted on going to trial but for the alleged conflict. In fact, Hall has failed to identify any evidence that his trial attorney's role as the Town of Hamburg prosecutor had any effect on his case at all. And to Hall's argument to the contrary, *Holloway v. Arkansas*, 435 U.S. 475 (1978), does not mandate a different result. *See Mickens v. Taylor*, 535 U.S. 162, 168 (2002) ("*Holloway* . . . creates an automatic reversal rule *only where defense counsel is forced to represent codefendants over his timely objection*, unless the trial court has determined that there is no conflict.") (emphasis added).

## CONCLUSION

For the reasons stated above and in the R&R, Hall's request for relief is DENIED. The Petition is DISMISSED. No certificate of appealability will be issued. The Clerk of Court is directed to close this case.

**SO ORDERED.**

Dated:       July 6, 2022
                Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE